Thomas J. Hester, OSB No. 93184
Assistant Federal Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: tj_hester@fd.org
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAWRENCE GIBBS, | CV No. 05-1174-KI |
| Petitioner, | |
| v. | AMENDED PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| BRIAN BELLEQUE, Superintendent, Oregon State Penitentiary, | |
| Respondent. | |

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Coos County Circuit Court

    (b) Criminal docket or case number (if you know):  01-CR-0810

2.  (a) Date of the judgment of conviction (if you know): 09/21/2001

    (b) Date of sentencing: 10/12/2001

3.  Length of sentence: 225 months (three consecutive 75-month sentences)

4.  In this case, were you convicted on more than one count or of more than one crime?   Yes X   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 31 counts of second and third degree rape and first degree sexual abuse (2 alleged victims)

6. (a) What was your plea? (Check one)
   (1) Not guilty <u>X</u>          (3) Nolo contendere'.(no contest) ☐
   (2) Guilty ☐                    (4) Insanity plea ☐
   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
   (c) If you went to trial, what kind of trial did you have? (Check one)
       Jury <u>X</u>          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
       Yes ☐          No <u>X</u>

8. Did you appeal from the judgment of conviction?
       Yes <u>X</u>          No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Or. Ct. Appeals
   (b) Docket or case number (if you know): A116477
   (c) Result: affirmed
   (d) Date of result (if you know):
   (e) Citation to the case (if you know):
   (f) Grounds raised: Sixth and Fourteenth Amendment jury instruction/unanimity error; Sixth and Fourteenth Amendment *Blakely* error
   (g) Did you seek further review by a higher state court? Yes No ☐
       If yes, answer the following:
       (1) Name of court: Or. Sup. Ct.
       (2) Docket or case number (if you know): A116477
       (3) Result: still pending
       (4) Date of result (if you know): still pending
       (5) Citation to the case (if you know):
       (6) Grounds raised:

    (h)    Did you file a petition for certiorari in the United States Supreme Court?
Yes ☐  No ☐

        If yes, answer the following:
- (1) Docket or case number (if you know):
- (2) Result:
- (3) Date of result (if you know):
- (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
Yes ☐  No X

11. If your answer to Question 10 was "Yes," give the following information:
    (a)
- (1) Name of court:
- (2) Docket or case number (if you know):
- (3) Date of filing (if you know):
- (4) Nature of the proceeding:
- (5) Grounds raised:
- (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐
- (7) Result:
- (8) Date of result (if you know):

    (b) If you filed any second petition, application, or motion, give the same information:
- (1) Name of court:
- (2) Docket or case number (if you know):
- (3) Date of filing (if you know):
- (4) Nature of the proceeding:
- (5) Grounds raised:
- (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐
- (7) Result:
- (8) Date of result (if you know):

    (c)    If you filed any third petition, application, or motion, give the same information:
- (1) Name of court:
- (2) Docket or case number (if you know):
- (3) Date of filing (if you know):
- (4) Nature of the proceeding:
- (5) Grounds raised:
- (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☐
- (7) Result:
- (8) Date of result (if you know):

    (d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
- (1) First petition:    Yes ☐   No ☐
- (2) Second petition:   Yes ☐   No ☐
- (3) Third petition:    Yes ☐   No ☐

    (e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Denial of Due Process and Sixth Amendment Right to Jury Trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The trial court denied the defense requested instruction on jury unanimity and otherwise failed to instruct the jury so as to insure that the requisite

        number of jurors agreed that petitioner committed the specific acts alleged during specific and discreet time frames.

(b)     If you did not exhaust your state remedies on Ground One, explain why: Petitioner was sentenced on this case more than five years ago yet, do to an ineffective and underfunded state system his direct appeal claims have yet to be litigated to conclusion. **Circumstances exist that render Oregon's appellate and post-conviction systems ineffective to protect petitioner's rights (28 U.S.C. § 2254(b)(1)(B)(ii)).**

(c)     Direct Appeal of Ground One:
        (1)     If you appealed from the judgment of conviction, did you raise this issue?
            Yes  X  No  ☐
        (2)     If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:
        (1)     Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐  No ☐
        (2)     If your answer to Question (d)(l) is "Yes," state:
            Type of motion or petition:
            Name and location of the court where the motion or petition was filed:
            Docket or case number (if you know): Date of the court's decision:
            Result (attach a copy of the court's opinion or order, if available):
        (3)     Did you receive a hearing on your motion or petition?
            Yes ☐  No ☐
        (4)     Did you appeal from the denial of your motion or petition?
            Yes ☐  No ☐
        (5)     If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
            Yes ☐  No ☐
        (6)     If your answer to Question (d)(4) is "Yes," state:
            Name and location of the court where the appeal was filed:
            Docket or case number (if you know): Date of the court's decision:
            Result (attach a copy of the court's opinion or order, if available):
        (7)     If your answer to Question (d) (4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: Denial of Due Process and Sixth Amendment Right to Jury Trial

(a)　Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner received consecutive sentences based upon facts found by the sentencing judge by less than a reasonable doubt.

(b)　If you did not exhaust your state remedies on Ground Two, explain why: **(please see Ground One (b))**

(c)　Direct Appeal of Ground Two:
  (1)　If you appealed from the judgment of conviction, did you raise this issue?
    Yes X  No ☐
  (2)　If you did not raise this issue in your direct appeal, explain why:

(d)　Post-Conviction Proceedings:
  (1)　Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    Yes ☐  No ☐
  (2)　If your answer to Question (d)(l) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:
    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):
  (3)　Did you receive a hearing on your motion or petition?
    Yes ☐  No ☐
  (4)　Did you appeal from the denial of your motion or petition?
    Yes ☐  No ☐
  (5)　If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☐  No ☐
  (6)　If your answer to Question (d)(4) is "Yes," state:
    Name and location of the court where the appeal was filed:
    Docket or case number (if you know): Date of the court's decision:

|      |      |
|------|------|
|      | Result (attach a copy of the court's opinion or order, if available): |
| (7)  | If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: |
| (e)  | Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: |

GROUND THREE: Denial of Due Process and Sixth Amendment Right to Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Proceedings before the trial judge clearly demonstrated a breakdown in the attorney client relationship yet the trial court failed to conduct a hearing.

(b) If you did not exhaust your state remedies on Ground Three, explain why: **(please see Ground One (b))**

(c) Direct Appeal of Ground Three:
    (1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No X
    (2) If you did not raise this issue in your direct appeal, explain why: appellate counsel failed to do so (see also IAC of appellate counsel claim)

(d) Post-Conviction Proceedings:
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☐
    (2) If your answer to Question (d)(l) is "Yes," state:
        Type of motion or petition:
        Name and location of the court where the motion or petition was filed:
        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):
    (3) Did you receive a hearing on your motion or petition? Yes ☐ No ☐
    (4) Did you appeal from the denial of your motion or petition? Yes ☐ No ☐
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the

Page 7    Petition For Writ Of Habeas Corpus

|   |   |
|---|---|
|   | appeal? |
|   | Yes ☐  No ☐ |
| (6) | If your answer to Question (d)(4) is "Yes," state: |
|   | Name and location of the court where the appeal was filed: |
|   | Docket or case number (if you know): |
|   | Date of the court's decision: |
|   | Result (attach a copy of the court's opinion or order, if available): |
| (7) | If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: |
| (e) | Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: |

GROUND FOUR: Ineffective Assistance of Trial Counsel

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): trial counsel was constitutionally deficient in: (a) failing to move in limine to exclude prior bad acts evidence; (b) failing to move in limine to exclude prior bad acts evidence to impeach if petitioner testified, including a claim that Oregon's rules for admission of such evidence deny due process; (c) failing to move in limine to exclude production of a tape recording in violation of (1) evidentiary rules (including hearsay, foundational requirements, and chain of custody) (2) due process, and (3) confrontation rights; (d) in failing to subpoena defense witness Rob Mitchell; (e) failing to subpoena phone records of the alleged victim; (f) failing to adduce other evidence that the alleged victim had been blackmailing petitioner through a threat of false allegations of abuse; (g) failing to request a hearing and appointment of new counsel when the attorney/client relationship broke down; (h) failing to object (including a Sixth and Fourteenth Amendment challenge) to the court's coercive dynamite charge when the jury was deadlocked; and (i) failing to move for a mistrial or otherwise alert the court that a juror was sleeping through extensive portions of the trial; as a result of these errors, both individually and collectively, petitioner suffered prejudice.

(b)   If you did not exhaust your state remedies on Ground Four, explain why: **(please see Ground One (b))**

- (c) Direct Appeal of Ground Four:
    - (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐ No ☐
    - (2) If you did not raise this issue in your direct appeal, explain why:
- (d) Post-Conviction Proceedings:
    - (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐ No ☐
    - (2) If your answer to Question (d)(l) is "Yes," state:
      Type of motion or petition:
      Name and location of the court where the motion or petition was filed:
      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available): .
    - (3) Did you receive a hearing on your motion or petition?
      Yes ☐ No ☐
    - (4) Did you appeal from the denial of your motion or petition?
      Yes ☐ No ☐l
    - (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
      Yes ☐ No ☐
    - (6) If your answer to Question (d)(4) is "Yes," state:
      Name and location of the court where the appeal was filed:
      Docket or case number (if you know):
      Date of the court's decision:
      Result (attach a copy of the court's opinion or order, if available):
    - (7) If your answer to Question (d) (4) or Question (d)(5) is "No," explain why you did not raise this issue:
- (e) Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND FIVE: Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support

Page 9    Petition For Writ Of Habeas Corpus

          your claim.): appellate counsel was constitutionally deficient in: (a) failing to raise court's failure to inquire about breakdown of the attorney/client relationship; (b) failing to adequately federalize the jury unanimity claim under the Sixth and Fourteenth Amendments; (c) failing to raise a Sixth and Fourteenth Amendment challenge to the court's coercive dynamite charge when the jury was deadlocked.

(b)    If you did not exhaust your state remedies on Ground Four, explain why: **(please see Ground One (b))**

(c)    Direct Appeal of Ground Four:

    (1)    If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☐

    (2)    If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

    (1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  Yes ☐ No ☐

    (2)    If your answer to Question (d)(l) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available): .

    (3)    Did you receive a hearing on your motion or petition? Yes ☐ No ☐

    (4)    Did you appeal from the denial of your motion or petition? Yes ☐ No ☐l

    (5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

    (6)    If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

    (7)    If your answer to Question (d) (4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  Other Remedies:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:
    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐  No X

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: only Grounds One and Two have been presented and none have been decided.  More than sixty months have passed since petitioner was sentenced and the state courts have still not decided his direct appeal.
    (b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: (please see (a)).

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐  No X
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes X    No ☐
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Oregon Supreme Court, A116477 - direct appeal.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: Defender Service of SW Oregon (Toni Smith)

Page 11    Petition For Writ Of Habeas Corpus

    (b)    At arraignment and plea:    same

    (c)    At trial:    same

    (d)    At sentencing:    same

    (e)    On appeal:    Mary Shannon-Story

    (f)    In any post-conviction proceeding:    n/a

    (g)    On appeal from any ruling against you in a post-conviction proceeding: n/a

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No X

    (a)    If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b)    Give the date the other sentence was imposed:

    (c)    Give the length of the other sentence:

    (d)    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Page 12    Petition For Writ Of Habeas Corpus

Therefore, petitioner asks that the Court grant the following relief:

That the writ issue and the conviction should be vacated and Petitioner be ordered released unless the State court retries him within sixty days, or – in the case of the *Blakely* claim – that the sentence be vacated and Petitioner be resentenced within sixty days, or any other relief to which petitioner may be entitled.

/s/ Thomas J. Hester
Thomas J. Hester
Attorney for Petitioner

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.