IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE GIBBS,                                        CV. 05-1174-KI

        Petitioner,                             OPINION AND ORDER

  v.

BRIAN BELLEQUE,

        Respondent.


Thomas J. Hester
Assistant Federal Defender
101 SW Main Street, Suite 1700
Portland, Oregon, 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254. For the reasons set forth below, the amended petition is denied.

## BACKGROUND

On May 10, 2001, petitioner was indicted on 32 charges of rape and sexual abuse. Petitioner was charged with committing Rape in the First Degree and Sexual Abuse in the First Degree (one count each) against his daughter, Erin Gibbs. The remaining 30 counts pertained to a young woman who lived in petitioner's home as a step-daughter, Jenny Rich. Petitioner was charged with 10 counts each of Rape in the Second Degree and Sexual Abuse in the First Degree, committed against Jenny Rich over a one-year period (from March 28, 1996, to March 17, 1997). Petitioner was charged with an additional 10 counts of Rape in the Third Degree, committed against Jenny Rich over a subsequent one-year period (from March 28, 1997, to March 27, 1999).

At trial, petitioner's daughter, Erin Gibbs, testified that petitioner touched her vagina, and penetrated her vagina with his penis, when she was five, six, or seven years old. (TR at 33-37, 50.) Ms. Gibbs testified that it did not hurt, and that she could not remember whether petitioner's penis was erect. (TR at 36 & 64-65.)

Jenny Rich testified at much greater length. Ms. Rich testified that petitioner began showing her pornographic movies, and making her touch his penis, when she was eleven or twelve years

old. (TR at 149 & 200.) She testified that he then began making her perform oral sex and, when she moved into his bedroom, he began penetrating her with his fingers. (TR at 152-57.) Ms. Rich testified that petitioner first raped her when she was thirteen (in 1996). (TR at 159.) Ms. Rich testified that from the time she was thirteen, until she was fifteen, petitioner raped her three to four times per week. (TR at 160, 164, 166, & 225-27.) She testified that he touched her everyday. (TR at 160 & 164.) Ms. Rich was not asked to provide specific dates or to otherwise testify concerning distinguishing details of the sexual abuse, but acknowledged on cross examination that she was raped on a regular basis totaling approximately 400 times over a two and one-half year period. (TR at 226-27.)

Defendant testified in his defense, denying that he had ever sexually abused or raped either Erin or Jenny. At the conclusion of the testimony, the trial judge instructed the jury as follows concerning the multiple charges and their duty as jurors:

> In this case there are 32 charges that you must consider. I will explain the elements of each charge to you in the next instructions.
>
> You should consider and deliberate on each charge separately and determine whether the State has met its burden of proof as to all of the elements of that specific charge.
>
> \* \* \* \* \*
>
> This being a criminal case, ten or more jurors, must agree on your verdict whether it be not guilty or guilty.

3 -- OPINION AND ORDER

```
                      * * * *
     Now, again, on the verdict form there are the 32
charges and, again, you should consider and deliberate on
each charge separately and determine whether the State
has met it's burden of proof as to all of the elements of
that specific charge.
```

(TR at 462, 469 & 473.)

Petitioner was convicted by the jury of Sexual Abuse in the First Degree (against his daughter), and ten counts each of Rape in the Second Degree, Sexual Abuse in the First Degree, and Rape in the Third Degree, against Jenny Rich. Petitioner was sentenced to a total of 225 months imprisonment.

Petitioner directly appealed his conviction, assigning error to the trial court's failure to give petitioner's special requested jury instruction on jury unanimity. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Gibbs, 204 Or. App. 779, 132 P.3d 62 (2006), rev. denied, 342 Or. 299 (2007). Petitioner did not seek state post-conviction relief.

## DISCUSSION

**I.  Grounds for Relief 3-5 (Denial and Ineffective Assistance of Counsel).**

Respondent moves to deny habeas relief on the basis that grounds three through five are procedurally defaulted. Petitioner opposes dismissal, claiming that state remedies are ineffective due to excessive appellate delay.

4 -- OPINION AND ORDER

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement, however, is not jurisdictional, and failure to exhaust may be excused if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State remedies may be found to be "ineffective" in cases involving extreme or unusual delay *attributable to the state*. Edelbacher v. Calderon, 160 F.3d 582, 586-87 & n.5 (9th Cir. 1998); Phillips v. Vasquez, 56 F.3d 1030, 1036 (9th Cir.), cert. denied, 516 U.S. 1032 (1995).

In the instant proceeding, petitioner argues that his state post-conviction remedy is "ineffective" due to the delay incurred in this *direct* appeal. It appears from the state record, however, that the delay is attributable to petitioner's counsel's delay in filing an opening brief, the supplemental *pro se* briefing submitted by petitioner, and the supplemental briefing submitted by both parties to address the intervening decision in Blakely v. Washington, 542 U.S. 296 (2004). Accordingly, I conclude that petitioner has not demonstrated delay, attributable to the state, rendering state remedies ineffective.

At a telephone conference held by the court on September 17, 2008, petitioner's counsel advised the court that the time for seeking state post-conviction relief has expired. Additionally, counsel conceded that if the court rejects petitioner's assertion that state remedies are ineffective, then grounds for relief 3-5 are procedurally defaulted. Accordingly, I conclude that petitioner procedurally defaulted his available state remedies as to grounds for relief three through five. See State v. Dell, 156 Or. App. 184, 189, 967 P.2d 507, rev. denied, 328 Or. 194 (1998) (claims of ineffective assistance of counsel cannot be raised on direct appeal). Petitioner has provided no basis to excuse his procedural default. Accordingly, habeas relief is not warranted as to grounds for relief three through five.

**II.  Ground for Relief 1 (Due Process).**

Petitioner alleges that the trial court denied him due process under Schad v. Arizona, 501 U.S. 624 (1991), by refusing to give his requested jury instruction on jury unanimity.[1] Petitioner requested the following jury instruction:

> At least ten of your number must agree to reach a verdict. In order to establish a Guilty verdict, there had to be a single occasion when all the elements establishing the crime simultaneously occurred together at the same time and at least ten of your number must agree on that occasion.

---

[1] In Schad, the Court held that the need for jury unanimity is grounded in the Due Process Clause. 501 U.S. at 634 n.5.

6 -- OPINION AND ORDER

Petitioner argues that because the jury was "not provided an instruction that properly differentiated between the three clusters of ten facially indistinguishable counts", and the error infected the entire trial, his due process rights were violated.  Respondent moves to deny habeas relief on the basis that petitioner has failed to allege a federal claim, and because the state court reasonably concluded that petitioner's case did not present a jury unanimity issue.  I agree with the latter assertion.

A claim that failure to give a jury instruction is incorrect under state law is not a basis for habeas relief.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 71-72 (1991).  However, habeas relief is warranted if the petitioner demonstrates that the failure to instruct "so infected the entire trial that the resulting conviction violates due process." <u>Id.</u> at 72.  A jury instruction violates due process when considering the overall jury charge, there is a reasonable probability that the jury applied it in a way that violates the Constitution.  <u>Middleton v. McNeil</u>, 541 U.S. 433, 437 (2004).  Instructional errors must be viewed in the context of the entire trial, and the jury instructions taken as a whole.  <u>Id.</u>; <u>Estelle</u>, 502 U.S. at 72; <u>Henderson v. Kibbe</u>, 431 U.S. 145, 152 n.10 & 154 (1977).

In the instant proceeding, Jenny Rich's testimony concerning the sexual abuse and rape committed by petitioner was general in nature.  As noted above, she did not provide specific dates or

7 -- OPINION AND ORDER

provide other distinguishing details. Rather, she testified that the sexual abuse began when she was about eleven, and that petitioner began to rape her when she was thirteen. Ms. Rich testified that when she was between the ages of thirteen and fifteen (1996-99), she was raped three to four times a week, and sexually abused daily. As noted above, petitioner denied *all* wrong doing.

Given the general nature of Jenny Rich's testimony, petitioner's denial of all sexual abuse allegations, and that the indictment consisted of identically worded counts differing only as to which one-year period they pertained, I concluded that this case did not present the type of circumstances were a jury might disagree or be confused as to which acts formed the basis of the charges. Compare State v. Garcia, 211 Or. App. 290, 154 P.3d 730, rev. denied, 343 Or. 160 (2007) (jury concurrence instruction not required when state's evidence is so general it is not possible that jurors disagreed about specific instances underlying the various charges); State v. Pervish, 202 Or. App. 442, 463, 123 P.3d 285 (2005), rev. denied, 340 Or. 308 (2006) (jury concurrence instruction not required given the generality of evidence); United States v. Payseno, 782 F.2d 832, 836-37 (9th Cir. 1986) (specific unanimity instruction warranted when case involves complex evidence, discrepancy between evidence and the indictment, or some other factor creating genuine possibility of juror confusion).

8 -- OPINION AND ORDER

Accordingly, the failure to give petitioner's unanimity instruction did not render the trial so unfair as to violate due process. The state court's rejection of petitioner's due process claim is neither contrary to, nor an unreasonable application of clearly established Federal law.

### III. Ground for Relief 2 (Right to Jury Trial).

Petitioner was sentenced to consecutive 75-month sentences on Counts III and IV (Rape in the Second Degree of Jenny Rich between March 28, 1996, and March 17, 1997). All other sentences ran concurrently. The sentencing judge made the following findings when imposing the consecutive sentences:

> What I'm going to find to support consecutive sentences here, is that there was not a continuous course of uninterrupted conduct. What I find specifically is that the Defendant did have an opportunity to pause and reflect before engaging in separate criminal events. Clearly from the evidence presented by the State, these events happened on multiple days over a long period of time - a substantial period of time.
>
> So, I do find that the Defendant had an opportunity to pause and reflect, and that would not be a continuous course of uninterrupted conduct.
>
> I also would find, if necessary, under the statute, which is 137.123 Section 5(A), that the - there was an indication of the Defendant's willingness to commit more than one criminal offense. Again, clearly these occurred over several days. As a day went by, the Defendant had a chance to pause and reflect, so clearly he was willing to commit more than one offense.
>
> So, bottom line is, consecutive sentences are available to the Court for any of those reasons.

(Sentencing TR at 54-55.)

9 -- OPINION AND ORDER

Petitioner contends that the consecutive sentences required judicial fact-finding in violation of his Sixth Amendment right to a jury trial and the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. Respondent moves to deny habeas relief on the basis that this claim was "not preserved in the trial court", and lacks merit.

Because neither Apprendi, nor Blakely, have been applied by the U.S. Supreme Court to consecutive sentences, I conclude that habeas relief is not warranted because petitioner has failed to demonstrate that the state appellate courts' rejection of his sentencing claim is contrary to, or an unreasonable application of clearly established Federal law. See Oregon v. Ice, 128 S.Ct. 1657 (2008) (granting *certiorari* to address whether the Sixth Amendment, as construed in Apprendi and Blakely, requires facts (other than prior convictions) necessary to imposing consecutive sentences be found by the jury); United States v. Fifield, 432 F.3d 1056, 1066-67 (9th Cir. 2005), cert. denied, 547 U.S. 1122 (2006) (rejecting Blakely challenge to consecutive sentencing under the federal guidelines). Moreover, even if the Supreme Court decides to extend Apprendi and Blakely to consecutive sentences in Ice, such rule has yet to be made retroactive on collateral review.

Finally, I'm not convinced that an extension of Apprendi and Blakely to consecutive sentences would render constitutionally invalid a consecutive sentence which did not *necessarily* rely upon

10 -- OPINION AND ORDER

additional judicial fact finding, or, at best, relied upon undisputable facts. Here, the jury found petitioner guilty of (1) sexually abusing Erin Gibbs between July 14, 1995, and July 14, 1996 (count II); and (2) sexually abusing and raping Jenny Rich ten times between March 28, 1996, and March 17, 1996 (counts 3-22). In light of the jury's determination that petitioner sexually abused Erin Gibbs, and repeatedly raped Jenny Rich over a one-year period, additional judicial fact finding was not necessary in order for the sentencing judge to conclude that counts two, three, and four did not arise from the same continuous and uninterrupted course of conduct (O.R.S. 137.123(2)). Alternatively, the error was harmless. <u>Washington v. Recuenco</u>, 548 U.S. 212, 222 (2006) (<u>Apprendi</u> sentencing errors are subject to harmless-error review).

    For all of these reasons, the state courts' rejection of petitioner's challenge to his consecutive sentences is neither contrary to, nor an unreasonable application of, clearly established Federal law.

///
///
///
///
///
///
///

11 -- OPINION AND ORDER

## **CONCLUSION**

Based on the foregoing, petitioner's amended habeas corpus petition (#13) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ____25th____ day of September, 2008.

                                                  /s/ Garr M. King  
                                                Garr M. King  
                                                United States District Judge